UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CASE NO. 4:08-CV-085-R

RICHARD BROWN
PATRICIA BROWN                                                                                    PLAINTIFFS

v.

JOY HORTON, et al.                                                                                DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendants' Motion to Dismiss (Docket #8). Plaintiffs' filed a response (Docket #12), as well as a Motion for Leave to Amend and File Second Amended Complaint (Docket #11). Defendants replied to Plaintiffs' response and responded to Plaintiff's Motion (Dockets # 13 and #14). Plaintiffs filed a sur-response to Defendants' reply and replied to Defendants' response (Docket #16). This matter is now ripe for adjudication. For the reasons that follow, Plaintiffs' Motion for Leave to Amend and File Second Amended Complaint is GRANTED and Defendants' Motion to Dismiss is DENIED.

**I. MOTION TO AMEND**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

Plaintiffs request that the Court grant their Motion for Leave to Amend and File Second Amended Complaint. Defendants argue Plaintiff's Motion should be denied as futile because it fails to state a claim for which relief may be granted. Being sufficiently advised, the Court holds that Plaintiffs' Motion is granted.

## II. MOTION TO DISMISS

### BACKGROUND

This matter arises out of a civil rights complaint filed by Richard Brown pursuant to 42 U.S.C. § 1983. During the relevant period of time, Defendants Joy Horton and Bruce Hewell, and Plaintiff Richard Brown, were employed by Defendant Commonwealth of Kentucky, Department of Probation and Parole. Plaintiff Richard Brown alleges that Defendants Horton and Hewell took adverse employment actions against him in retaliation for his "whistle-blowing" free speech actions related to his complaints of race and age discrimination as well as a racially hostile work environment. He claims damages for intentional and negligent infliction of emotional distress, damages for personal injuries, and injunctive relief restoring Plaintiff Richard Brown to his prior position. Plaintiff Patricia Brown claims damages for the loss of her husbands' consortium.

### STANDARD

"When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and

construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)).

The Supreme Court's recent decision in *Bell Atlantic Corporation v. Twombly* clarifies the pleading standard necessary under Federal Rule of Civil Procedure 8(a)(2) to survive a Rule 12(b)(6) motion to dismiss. *Assn' of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007). *Twombly* does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). "The factual allegations in the complaint must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Id.* at 1964-65 (internal citation and quotation marks omitted). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* A plaintiff must allege sufficient factual allegations to give the defendant "fair notice concerning the nature of the claim and the grounds upon which it rests." *Twombly*, 127 S. Ct. at 1965. Additionally, "the conclusory nature of particular allegations cannot alone justify dismissing a complaint." *Back v. Hall*, 537 F.3d 552, 558 (6th Cir. 2008) (dismissal not appropriate although one essential element of the claim was pled in a conclusory manner).

## DISCUSSION

Defendants request that this Court dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim for which relief may be granted. Defendants argue that Plaintiffs' Second Amended Complaint "clearly mandate dismissal of all claims" under Kentucky Revised Statutes ("KRS") Chapter 344, Kentucky's civil rights statute,

and KRS Chapter 18A, Kentucky's state employee merit law. First, Defendants argue that Plaintiff Richard Brown's state civil rights claims must be dismissed because he has not exhausted his administrative remedies as required by Title VII of the Civil Rights Act of 1964.[1] Second, Defendants argue that Plaintiff Richard Brown's claims arising under state employee merit law must be dismissed because he has not exhausted his administrative remedies. Third, Defendants argue that Plaintiff Patricia Brown's claim for loss of consortium must be dismissed because Plaintiff Richard Brown failed to state a claim against Defendants.

Plaintiffs respond that currently the basis of their Complaint is the alleged First Amendment violations, brought pursuant to 42 U.S.C. § 1983, and the state common law tort claims that may accompany them. Plaintiffs assert that Defendants' arguments relate to legal theories Plaintiffs have not yet advocated.

The Court finds that currently Plaintiffs' claims rest on alleged First Amendment violations, brought pursuant to 42 U.S.C. § 1983, and the state common law tort claims that may accompany them. At this point, there are no administrative remedies that Plaintiffs are required to exhaust. The Court cannot dismiss claims which have not yet been brought. Because Plaintiffs have stated a claim upon which relief may be granted, Defendants' Motion to Dismiss is denied.

---

[1] Defendants' original primary argument was that Plaintiffs' claims against the Commonwealth of Kentucky and its officials in their official capacity are barred. Plaintiffs' Second Amended Complaint specifically requests prospective injunctive relief. "The Eleventh Amendment does not bar § 1983 actions brought against state officials in their official capacities seeking prospective injunctive relief." *Williams v. Kentucky*, 24 F.3d 1526, 1544 (6th Cir. 1994). Defendants do not discuss this argument in their reply to their motion to dismiss or their response to Plaintiff's motion to amend the complaint. The Court finds that Plaintiffs' claims against Defendants in their official capacity are not barred by the Eleventh Amendment.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to Amend and File Second Amended Complaint is GRANTED and Defendants' Motion to Dismiss is DENIED.